IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYMOND A. MATHEWS, Deceased, )<br>PAULINE E. MATHEWS, ADAM R. )<br>LUCERO, RESURGENT CAPITAL )<br>SERVICES, L.P., CAMILLE R. )<br>HAWK, Trustee, GENERAL )<br>COLLECTION, Co., and CREDIT )<br>SERVICE ASSOCIATES, Inc., )<br>)<br>Defendants. )<br>) | 8:07CV422<br><br>MEMORANDUM AND ORDER |

The above-captioned case has been pending since October 27, 2007. Since that time, the following relevant events have occurred:

The government's complaint alleges an in rem action for foreclosure and names Raymond Mathews as a defendant with a potential interest in the subject property. Defendant Raymond Mathews was served by publishing notice of this lawsuit for six consecutive weeks beginning in January 30, 2008, but he allegedly died intestate on September 6, 1991. The notice of publication does not name or identify any relevant or pending probate proceedings for this defendant, or any personal representative who may have been appointed to act on behalf of the estate of decedent Raymond Mathews. See filings 1 (complaint), ¶ 2, and 21. At the government's request, the clerk entered a default against defendant Raymond Mathews. Filings 30 and 32.

Defendants Pauline Mathews and General Collection Company waived service and filed answers. Filings 3, 5, 6 and 7.

Defendant Camille R. Hawk was served in her capacity as trustee and filed a disclaimer of interest. Filings 11 and 16.

Defendant Resurgent Capital Services was served and defendant Credit Services Associates waived service, but neither filed an answer or response. At the government's request, the clerk entered a default against these defendants. Filings 4, 10, 30 and 32.

Defendant Adam Lucero was served by publication for six consecutive weeks beginning on January 30, 2008, and he filed a pro se answer generally denying the allegations of the government's complaint on March 3, 2008. Filings 21 and 17. The government's motion to serve this defendant with a copy of the complaint was granted, and Adam Lucero was granted leave and ordered to file an answer after receiving the complaint. Filing 26. He was served with a copy of the complaint on March 27, 2008, (filing 29), but he did not timely file an amended answer. Upon the government's motion, the clerk entered a default against this defendant. Filings 30 and 32.

Although the case has been pending for more than six months, the parties have not been required to file and have not filed a Rule 26(f) report.

The court questions whether defendant Raymond Mathews was properly named as a defendant and properly served by publication, and accordingly, whether the clerk's entry of default was proper. The government will be required to show cause why the clerk's entry of default should not be set aside and the government's claim against defendant Raymond Mathews dismissed for failure to

properly file, provide notice, and serve its claim against this defendant.

Defendant Adam Lucero filed a pro se answer denying the government's allegations, but did so in response to a notice by publication before receiving a copy of the complaint. Adam Lucero did not file a new answer after receiving the complaint as ordered by the court, and the clerk therefore entered a default. However, liberally construing this defendant's pro se pleadings, and in the interest of obtaining a fair and just resolution to this case, the court will set aside the clerk's entry of default against defendant Adam Lucero. This defendant will be given an additional opportunity to file an answer to the plaintiff's complaint, such answer to specifically include a description of Adam Lucero's claimed interest in the property at issue. The failure to timely file an amended answer may result in a new entry of default against Adam Lucero without further notice.

IT THEREFORE HEREBY IS ORDERED:

1. The government is given until July 28, 2008 to show cause why the clerk's entry of default should not be set aside and the government's claim against defendant Raymond Mathews dismissed for failure to properly file, provide notice, and serve defendant Raymond Mathews, in the absence of which the government's claim against defendant Raymond Mathews will be dismissed without further notice.

2. The clerk's entry of default against defendant Adam Lucero dated May 6, 2008 is set aside. Defendant Adam Lucero is given until July 28, 2008 to file an amended answer to the plaintiff's complaint, in the absence of which the court may again enter a default against this defendant without further notice.

3. To facilitate case progression, a scheduling packet will be entered and sent to the parties requiring the

3

parties to file their Rule 26(f) report on or before August 25, 2008. The court will issue a progression order after the Rule 26(f) report is filed.

DATED this 8th day of July, 2008.

>BY THE COURT:
>
>s/ *David L. Piester*
>David L. Piester
>United States Magistrate Judge