IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CV422 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT JUDGMENT |
| | ) | AND DECREE OF |
| PAULINE E. MATHEWS, et al., | ) | FORECLOSURE AND |
| | ) | ORDER OF SALE |
| Defendants. | ) | |

Now on this 15th day of October, 2008, this cause came on for determination upon the Complaint filed herein by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Joe W. Stecher, United States Attorney for the District of Nebraska, and Robert L. Homan, Assistant United States Attorney for said District. The Defendant Pauline E. Mathews appears by and through her attorney, William V. Steffens. The Defendant General Collection Co. appears by and through its attorney, Richard E. Gee. Upon Plaintiff's Motion to Dismiss (filing 37), the Defendant Camille R. Hawk, Trustee, was dismissed from this action by the Court (filing 41). Upon Plaintiff's Motion to Dismiss (filing 37), the Defendant Raymond A. Mathews (deceased) was dismissed from this action by the Court (filing 41). Defendant Adam R. Lucero has disclaimed any interest in the property (filing 44). The Defendants Resurgent Capital Services, L.P. and Credit Service Associates, Inc., d/b/a Credit Bureau of Kearney, failed

to answer or otherwise appear or plead to the allegations contained in the Complaint and said Defendants are in default in this action. An Entry of Default (filing 32) has been filed by the Clerk.

THEREFORE, the Court, having examined the record of these proceedings, and having been fully advised in the premises, finds:

That the Court has jurisdiction of these proceedings pursuant to Title 28, United States Code, Section 1345;

That due and legal notice of the pendency of this action has been given;

And that the Court has acquired jurisdiction of all the parties.

And this cause coming on further to be heard on the pleadings and the evidence and being submitted to the Court, on due consideration, the Court finds:

That each and all of the allegations of Plaintiff's Complaint are true;

That Plaintiff is entitled to a Decree of Foreclosure in rem and Order of Sale as prayed;

That the premises herein described will sell to the best advantage in one entire tract;

That there is due and owing to the Plaintiff as of September 9, 2008, the principal sum of $24,150.20, plus accrued interest in the amount of $4,944.84, together with interest accruing on the principal sum due at the rate of $6.2773 per day from September 9, 2008, until the date of entry of this decree, with $1,224.00 interest credit or

subsidy subject to recapture. Interest will accrue on the total of said sums from and after the date of entry of this decree at the legal rate of 9.500% computed daily and compounded annually until paid in full. The amount due Plaintiff as stated herein is the first lien on the following described real estate in Dawson County, Nebraska, to-wit:

> All of Lot Ten (10), Block Nine (9) Schmeeckle's Subdivision of Lots One (1) and Five (5) and Part of Lot Seven (7), Tract B of the Subdivision of a Part of the Southwest Quarter (SW 1/4) of Section Six (6), Township Ten (10) North, Range Twenty Three (23), West of the Sixth P.M. in the City of Cozad, Dawson County, Nebraska.

That there is due and owing to the Defendant General Collection Co. as of September 11, 2008, the sum of $1,744.67. The amount due the Defendant General Collection Co. as stated herein is the second lien on the above-described real estate. By virtue of her Answer to this action, Defendant Pauline E. Mathews no longer claims an interest in the subject real estate (filing 5, ¶ 4).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That judgment should be and is hereby entered against Defendants Pauline E. Mathews, Resurgent Capital Services, L.P., Credit Service Associates, Inc., d/b/a Credit Bureau of Kearney and General Collection Co.

That judgment <u>in</u> <u>rem</u> should be and hereby is entered against the Defendants and the real estate which is the subject of this action.

That the above and foregoing findings are hereby made a part of this decree and order and by this reference incorporated herein;

That, if the costs as indicated below and the several amounts above found due and interest thereon be not paid within twenty (20) days herefrom, all equity of redemption in said premises be foreclosed and said premises sold as upon execution in one entire tract;

That the Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

That the United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

That, as upon execution, said United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

That, upon confirmation of said sale, said Clerk shall apply the proceeds as follows:

> First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;
>
> Second, to the payment of the amount due the Plaintiff with interest thereupon according to law;
>
> Third, to the payment of the amount found due the Defendant General Collection Co. with interest thereupon according to law;
>
> Fourth, to the payment of the costs of the United States Marshal for per diem and special requirements;

That said Clerk shall retain in the Registry of the Court any surplus from said sale until further order of the Court.

That the aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska.

And that, upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of said real estate to such purchaser(s).

                BY THE COURT:

                s/ *Richard G. Kopf*
                RICHARD G. KOPF
                UNITED STATES DISTRICT COURT

Prepared and submitted by:

UNITED STATES OF AMERICA

By:   JOE W. STECHER
       United States Attorney
       District of Nebraska


And:  /s/ Robert L. Homan
       ROBERT L. HOMAN, #18580
       Assistant United States Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE 68102-1506
       Tel: (402) 661-3700
       Fax: (402) 661-3086
       E-mail: robert.homan@usdoj.gov

Approved as to form and content:

PAULINE E. MATHEWS, Defendant


By:   /s/ William V. Steffens
       WILLIAM V. STEFFENS, #17858
       Steffens Law Office, PC
       P.O. Box 363
       Broken Bow, NE  68822
       (308) 872-8327
       steffenslaw@inebraska.com


GENERAL COLLECTION CO., Defendant


By:   /s/ Richard E. Gee
       RICHARD E. GEE, #11465
       916 West 1st Street
       Grand Island, NE  68801
       (308) 398-0449
       regee@kdsi.net